```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VALERY LA TOUCHE,                                              :
                    Petitioner,                                :
                                                               :    MEMORANDUM DECISION
v.                                                             :
                                                               :    10 CV 1388 (VB)
                                                               :
HAROLD D. GRAHAM, Superintendant,                              :
Auburn Correctional Facility,                                  :
                    Respondent.                                :
--------------------------------------------------------------x
```

Briccetti, J.:

     Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated March 8, 2013, on petitioner Valery LaTouche's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, from his November 15, 2005, conviction entered in Rockland County Court. Judge Davison recommended the Court deny the petition. The Court presumes familiarity with the factual and procedural background of this case. For the following reasons, the Court adopts the R&R as the opinion of the Court, and denies the petition.

     A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within 14 days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within 17 days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

     Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no timely objections

1

have been made, provided no clear error is apparent from the face of the record. Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In his objections to Judge Davison's R&R, petitioner – apparently for the first time – claims he is entitled to habeas relief because his appellate counsel was ineffective. Plaintiff did not assert an ineffective assistance of counsel claim in his petition, nor did he assert such a claim in any state court proceeding. To the extent petitioner attempts to assert an ineffective assistance of appellate counsel claim now, that claim is dismissed as untimely under 28 U.S.C. § 2244(d). See Flores v. Keane, 211 F. Supp. 2d 426, 444 (S.D.N.Y. 2001).

Further, plaintiff's ineffective assistance of counsel argument does not establish cause and prejudice or a fundamental miscarriage of justice that would excuse the procedural default of his sixth amendment claim, as the Court has carefully reviewed the record and finds plaintiff's sixth amendment claim is clearly without merit.

Petitioner's remaining objections merely reiterate the arguments he made before Judge Davison. Thus, the Court reviews the R&R for clear error. Kirk v. Burge, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009). Having found no error, clear or otherwise, the Court adopts the R&R in its entirety for the reasons stated therein.

## CONCLUSION

Accordingly, the Court adopts the R&R in its entirety. The petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: September 23, 2013
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge