UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VALERY LA TOUCHE,  :
        Petitioner,  :
v.  :        **ORDER**
  :
HAROLD D. GRAHAM, Superintendent,  :        10 CV 1388 (VB)
Auburn Correctional Facility,
        Respondent.  :
------------------------------------------------------------x

Before the Court is petitioner's second motion pursuant to Fed. R. Civ. P. 60(b)(6) to vacate the judgment in this case and re-open the underlying habeas petition. (Doc. #77).

On February 2, 2016, petitioner filed his first "motion to vacate order and subsequent judgment, reopen proceeding, amend and reargue petition pursuant to Rule 60(b)(6)." (Doc. #63). That motion was filed more than two years after judgment was entered in this case on September 24, 2013. (Doc. #56). By Order dated August 1, 2016, the Court denied the first motion to vacate, concluding it did not overlook facts properly before the Court or controlling precedent, and further concluding that its Order dated April 18, 2013 (denying petitioner's motion for a stay) (Doc. #50), and Memorandum Decision dated September 13, 2013 (adopting the magistrate judge's Report and Recommendation and denying the petition) (Doc. #55), were correct on the facts and the law. (Doc. #73). In the August 1 Order, the Court also found that petitioner's first motion to vacate was untimely, and that petitioner failed to identify extraordinary circumstances warranting the application of Rule 60(b)(6)'s "catch-all" provision.

Petitioner appealed the August 1, 2016, Order, and the Second Circuit dismissed the appeal on January 4, 2017. (Doc. #76). The Circuit found petitioner failed to show (i) that "jurists of reason would find it debatable whether the district court abused its discretion in

1

denying the Rule 60(b) motion," and (ii) that "jurists of reason would find it debatable whether the underling habeas petition . . . states a valid claim of the denial of a constitutional right."

Nearly three years later, on December 30, 2019, the Second Circuit denied petitioner's motion for leave to file a successive Section 2254 petition based on what petitioner described as newly discovery evidence. (Doc. #78).

Shortly thereafter, on January 9, 2020, petitioner filed the instant second Rule 60(b)(6) motion, again seeking to vacate the September 2013 judgment and to reopen this case. (Doc. #77).

The motion is DENIED.

Petitioner's second motion to vacate is plainly untimely, merely rehashes petitioner's prior arguments, and is entirely without merit. Indeed, even petitioner's first motion to vacate, filed in February 2016, was untimely and meritless. That petitioner may be dissatisfied with the Second Circuit's recent denial of his application to file a successive Section 2254 petition does not provide him an additional bite at the apple to challenge this Court's September 2013 judgment.

## CONCLUSION

Petitioner's motion to vacate the judgment in this case and re-open the underlying habeas petition is DENIED.

The Clerk is instructed to terminate the motion (Doc. #77) and mail a copy of this Order to petitioner at the address on the docket.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: February 20, 2020
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge